We have examined the record carefully, and think that the plaintiff performed his contract. The result was undoubtedly unsatisfactory to defendant, but that fact does not affect plaintiff's right to recover herein, as he did not contract that the well, as before stated, when completed, would supply any given number of gallons of water.

The judgment must be affirmed, with costs.

(14 Misc. Rep. 456.)

## DAVIDOFF v. WHEELER & WILSON MANUF'G CO.

(City Court of New York, General Term. November 26, 1895.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.

In an action for false imprisonment, it appeared that plaintiff purchased a machine, the title to remain in defendant pending full payment; that, before payment was completed, defendant permitted plaintiff to transfer it; that defendant failed to receive further payments, and thereupon caused the arrest and imprisonment of plaintiff, on his failure to comply with a demand for a return of the machine. *Held,* that defendant acted maliciously, and without probable cause.

2. SAME—ADVICE OF COUNSEL—STATEMENT OF FACTS.

Where defendant seeks to justify the arrest of plaintiff on the ground that he was following the advice of counsel, it must appear that such advice was given on a full and fair statement of the facts.

Appeal from trial term.

Action by Joseph Davidoff against the Wheeler & Wilson Manufacturing Company for wrongful arrest and imprisonment. From a judgment against it on the verdict, defendant appeals. Affirmed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Holden & Allen, for appellant.

Mashbir & Cukor, for respondent.

FITZSIMONS, J. The testimony on plaintiff's behalf shows that he purchased a machine from defendant, the title thereto to remain in defendant until fully paid for; that before the machine was fully paid he transferred possession thereof to one Eisenstadt, with the consent of defendant's agent, one Ludlow, who said, "You can give it [the machine] to the other man;" he then transferred the machine to Eisenstadt, and wrote the defendant to that effect; that subsequently the defendant, failing to receive further payments upon the machine, demanded its return, and, not receiving it, caused plaintiff's arrest and imprisonment for eight days; that he was then duly discharged. This version of the difficulty in question the jury evidently believed, and it shows such a wanton and reckless disregard of plaintiff's rights that, as a matter of law, it followed that in causing the arrest of the plaintiff the defendant acted without probable cause, and with malice, and therefore the trial justice was right in refusing to dismiss the complaint. The defendant, having consented to the transfer of the machine, could not thereafter hold the plaintiff responsible for its whereabouts. If it desired its return for any reason, it was defendant's duty to search for the holder

of it, and, upon his failure to deliver it up, seek the proper legal redress against such person. In our opinion, under the circumstances of this case, the arrest of the plaintiff was unlawful, and was without probable cause, and was malicious. The defendant's testimony contradicts the testimony submitted by the plaintiff, and the jury evidently believed the plaintiff's, which they had the right to do, and rendered their verdict accordingly.

The defendant, in attempting to show that in all it did herein it was guided and acted under advice of counsel, for the purpose of justifying its course of conduct, did not do so in a proper way. In no part of its testimony does it appear that the defendant fully and fairly stated the facts of the transaction in question to its counsel, and after such a statement procured his advice, upon which it acted. Granting that it was upon the advice of counsel that the arrest of plaintiff was caused, that surely would not benefit defendant in the least, unless such advice was given after a full and fair statement of all the facts. No testimony tending to show such a state of affairs was offered by defendant. What advice counsel gave was of no consequence herein until it was first shown that such advice followed, as before stated, a full and fair statement of the facts; and therefore the exceptions taken at folios 86, 89, are without merit. The exception taken to the judge's charge at folio 107, we think, was not well taken, and the judge was justified in refusing to charge the request; for the reason, as above stated, that the advice of counsel could not benefit the defendant, because it (defendant) failed to state upon what facts such advice was rendered.

As to the exception taken at 108, it was immaterial what defendant believed. The true inquiry for the jury was, did the defendant believe the plaintiff guilty of the charge preferred by it against him, and was such belief based upon reasonable grounds? Therefore the request, as framed, was wrong in law, and the refusal to charge it was proper.

The judgment is affirmed, with costs. All concur.